## Anderson v. Corder.

(Decided Feb. 15, 1938.)

W. S. GILREATH for appellant.
WILL H. CAYLOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
'Affirming.

This is an appeal from a judgment of the Mc-Creary circuit court quieting the title of appellee to a narrow strip of land lying between the division lines claimed by appellant, who was the plaintiff below, and the appellee. We gather from the briefs that the dispute between these neighbors has resulted from a doubt as to the location of a hickory tree which was a corner to both of their lands. One claimed that the corner was fixed by a "scaly barked hickory" standing on the immediate bank of the waters of Little South Fork, while the other claimed that the corner was marked by a "tight barked hickory" standing some yards up the river. It is asserted by appellee that the entire interlock is not worth more than $10. The bill of exceptions filed by appellant contains none of the evidence heard.

Appellant complains that the court erred in failing to give the jury written instructions after instructions had been tendered by the defendant. However, no such tendered instructions are incorporated in the bill of exceptions, and, on the contrary, it is expressly recited therein:

"Thereupon the court asked plaintiff's attorney and defendant's attorney if either or both had their instructions ready and answered they had none to offer."

There is, therefore, nothing upon which we could base a consideration of this point.

It is also insisted that the court erred in admitting incompetent evidence and in refusing to admit competent evidence, and that the verdict of the jury is flagrantly against the evidence. In view of the fact that none of the evidence is incorporated in the bill of exceptions, there is no way in which we can consider the propriety of these rulings.

Finally, it is claimed that only seven jurymen signed the verdict and that this requires a reversal of the judgment. This would undoubtedly be true except for the fact that it appears affirmatively in the judgment that the jury were unable to reach a verdict and the parties "agreed to accept a majority verdict." We know of no rule of law, and we are cited to none, which would render invalid such an agreement in a civil case. It follows, therefore, that there is no merit in this contention.

Judgment affirmed.